# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| PACIFICORP, d/b/a ROCKY MOUNTAIN POWER, an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> BLOCK UNITED, LLC, a Utah limited liability company, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT** <br><br> Civil Case No. 2:19-cv-00302- <br><br> The Honorable Clark Waddoups |

Before the Court is Plaintiff PacifiCorp, d/b/a Rocky Mountain Power's Motion for Default Judgment, (ECF No. 12). The Court, having considered the Motion and accompanying arguments, and being fully advised, hereby GRANTS the motion.

Factual Background

"Block United entered into a contract" with Rocky Mountain Power, whereby Rocky Mountain Power "would provide Block United electricity in consideration of payment." (ECF No. 12 at 2 (citation omitted).) Under the terms of the contract, Rocky Mountain Power "agreed to provide electricity to Bock United in exchange for payment of monthly invoices." (ECF No. 12 at 2.) Rocky Mountain Power began providing electricity in June of 2018 but because Block United was delinquent on payments, Rocky Mountain Power terminated its electrical service on or around March 11, 2019. (ECF No. 12 at 4.) As of April 18, 2019, Block United owed Rocky

1

Mountain Power $988,527.14.

## Procedural History

On May 3, 2019, Rocky Mountain Power filed its Complaint against Block United "stemming from a breach of contract." (ECF No. 12 at 4.) In the Complaint, Rocky Mountain Power alleged "[u]pon information and belief" that "Block United, LLC is a Utah limited liability company with its principal place of business in Provo, Utah." (ECF No. 2 at 2.) On May 6, 2019, the court entered an order holding that Plaintiff had "not properly pleaded diversity jurisdiction because it neither affirmatively alleged the citizenship of Defendant's members nor alleged that none of Defendant's members are citizens of Oregon." (ECF No. 5 at 3.) On May 10, 2019, Rocky Mountain Power entered an Amended Complaint, alleging that "[u]pon information and belief," "none of Block United's members are citizens of Oregon." (ECF No. 7 at 3.) Rocky Mountain Power further alleged "upon information and belief," that "[a]ll of Block United's members are citizens of Utah." (ECF No. 7 at 2.)

"On May 13, 2019," Rocky Mountain Power "served Block United, via personal service . . . with copies of the Summons and Amended Complaint." (ECF No. 12 at 5.) "Block United failed to file a responsive pleading to the Amended Complaint . . . ." (ECF No. 12 at 5.) "On June 17, 2019, the Clerk of Court entered a default certificate against Block United." (ECF No. 12 at 5.) On June 17, 2019, Rocky Mountain Power moved the court for entry of default judgment. (ECF No. 12.)

## Analysis

"Decisions to enter judgment by default are committed to the district court's sound discretion . . . ." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). "A defendant who fails to ... defend an action is deemed to have admitted the well-pleaded factual

allegations of the complaint as true." *Lopez v. Highmark Constr., LLP*, No. 17–CV–01068–CMA–MLC, 2018 WL 1535506, at *2 (D. Colo. Mar. 29, 2018) (citations omitted); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by [her] default, admits the plaintiff's well-pleaded allegations of fact ....") (internal quotation marks omitted) ). In order for a district court to enter default judgment, "there must be a sufficient basis in the pleadings" "constitut[ing] a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

But before a court considers the merits of the plaintiff's claims, it must first consider both personal and subject matter jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.").

<u>Subject Matter Jurisdiction</u>

After reviewing the Amended Complaint, the court is satisfied that it has original jurisdiction under 28 U.S.C. § 1332 because there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>Personal Jurisdiction</u>

The court has personal jurisdiction over Block United because Block United is a citizen of Utah by virtue of the fact that all of its members are citizens of Utah. Additionally, the

contract that Block United signed provided, in relevant part, that "each Party hereby consents to the exclusive jurisdiction of," among other courts, "the Federal courts located within the State of Utah . . . ." (ECF No. 2-2 at 14.) Parties may expressly consent to the personal jurisdiction of a court by stipulating "in advance to submit their controversies for resolution within a particular jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182, 85 L.Ed. 2d 528 (1985) (citation omitted). "Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Id.* (citation omitted).

Breach of Contract

The court, having established jurisdiction, now addresses whether the Plaintiff's allegations contain sufficient factual matter, accepted as true, to state a claim for breach of contract. "'The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'" *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–31. Accepting the factual allegations of the Amended Complaint as true, the court agrees that Rocky Mountain Power has stated a claim for breach of contract. The court need not address Rocky Mountain Power's alternative Account Stated claim.

Post-Judgment Interest

In its proposed order, Rocky Mountain Power provided that "[t]he Judgment amount shall accrue post-judgment interest at the maximum rate allowed by law." (ECF No. 12-1 at 2.) "[A] choice of law provision will not overcome the presumption that the federal post-judgment interest rate applies." *Schneider Fin. v. Stillwater Trucking*, No. 2:18-CV-609, 2019 WL 1777968, at *2 (D. Utah Apr. 23, 2019). "Rather, absent 'clear, unambiguous and unequivocal

contractual language' expressing the parties' intent that a different post-judgment interest rate apply, post-judgment interest is governed by federal law." *Id*. citing *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005). The contract at issue contains a general choice of law provision providing that the contract shall be governed by Utah law. (ECF No. 2-2 at 14.) But in the court's review of the contract, there does not appear to be an unambiguous provision addressing post-judgment interest. Thus, post-judgment interest will accrue pursuant to 28 U.S.C. § 1961(a).

## Order

**IT IS ORDERED** that

1. Default Judgment in the amount of $988,527.14 is entered against Block United, LLC.

2. Post-judgment interest will accrue at the rate dictated by 28 U.S.C. § 1961(a).

DATED this 2nd day of July, 2019.

BY THE COURT:

CLARK WADDOUPS
United States District Court Judge